Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

FILED
2025 JUL 22 PM 2:22
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

# UNITED STATES DISTRICT COURT
for the
Western District of Texas
Austin Division

Case No. 1:25CV01143 ADA
*(to be filled in by the Clerk's Office)*

STEVE S. HUTCHISON, an individual

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

CHARLES SALVATORE "CHUCK" PICARDI, aka SALVATORE "CHUCK" PICARDI, aka CHARLES SALVATORE PICARDI, aka SALVATORE

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTIFF A SUM OF MONEY
(28 U.S.C. § 1332; Diversity of Citizenship)

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | STEVE S. HUTCHISON |
| Street Address | 1120 Alamo Street |
| City and County | San Marcos  Hays |
| State and Zip Code | TX 78666 |
| Telephone Number | (830)708-1910 |
| E-mail Address | sshutch1025@gmail.comCHARLES SALVATORE "CHUCK" |

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | CHARLES SALVATORE "CHUCK" PICARDI |
| Job or Title *(if known)* | an Individual |
| Street Address | 400 HESTON STREET |
| City and County | WEST NORRISTOWN – MONTGOMERY COUNTY |
| State and Zip Code | PENNSYLVANIA  19403 |
| Telephone Number | 484-868-4480 |
| E-mail Address *(if known)* | picardi042721@gmail.com |

**Defendant No. 2**

| | |
|---|---|
| Name | IONIC MINERAL TECHNOLOGIES LLC |
| Job or Title *(if known)* | Nevada limited liability company |
| Street Address | 6605 GRAND MONTECITO PKWY, SUITE 100 |
| City and County | LAS VEGAS   CLARK COUNTY |
| State and Zip Code | NEVADA 89149 |
| Telephone Number | 484-868-4480 |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual
   The plaintiff, *(name)* Steve S. Hutchison, is a citizen of the State of *(name)* Texas.

2. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual
   The defendant, *(name)* CHARLES SALVATORE "CHUCK" PICARDI, is a citizen of the State of *(name)* Pennsylvania. Or is a citizen of *(foreign nation)* _____.

2. If the defendant is a corporation
   The defendant, *(name)* IONIC MINERAL TECHNOLOGIES LLC, is incorporated under the laws of the State of *(name)* Nevada, and has its principal place of business in the State of *(name)* Nevada. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The cash sum of the loan was $50,000.00, but Plaintiff suffered additional monetary losses in excess of $100,000.00 based on other monies Defendants induced Plaintiff to spend in reliance on representations Defendants made concerning the fact thatDefendants had invested and were investing in a proposed business venture in which Plaintiff had invested, all of which were wholly false.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The defendant, *(name)* _____, owes the plaintiff *(specify the amount)* $ 150,000.00 , because *(use one or more of the following, as appropriate)*:

### A. On a Promissory Note

On *(date)* _____, the defendant signed and delivered a note promising to pay the plaintiff on *(date)* _____ the sum of *(specify the amount)* $ _____ with interest at the rate of *(specify the amount)* _____ percent. The defendant has not paid the amount due and owes *(state the amount of unpaid principal and interest)* $ _____. A copy of the note is attached as an exhibit or is summarized below. *(Attach the note or summarize what the document says.)*

### B. On an Account Between the Parties

The defendant owes the plaintiff *(specify the amount)* $ _____. This debt arises from an account between the parties, based on *(state the basis, such as an agreement between a credit-card company and a credit-card holder)*

The plaintiff sent the defendant a statement of the account listing the transactions over a certain period and showing the bills sent, the payments received or credits approved, and the balance due. The

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

defendant owes *(specify the amount)* $ _____ . Copies of the bills or account statements are attached as exhibits or summarized below. *(Attach the statements or summarize what they say.)*

C. **For Goods Sold and Delivered**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for goods sold and delivered by the plaintiff to the defendant from *(date)* _____ to *(date)* _____ .

D. **For Money Loaned**

The defendant owes the plaintiff *(specify the amount)* $ 50,000.00 , for money the plaintiff loaned the defendant on *(date)* 07/30/2021 .

E. **For Money Paid by Mistake**

The defendant owes the plaintiff *(specify the amount)* $ _____ for money paid by mistake to the defendant on *(date)* _____ , when the defendant received the payment from *(specify who paid and describe the circumstances of the payment)*

F. **For Money Had and Received**

The defendant was paid money *(specify the amount)* $ _____ on *(date)* _____ by *(identify who paid and describe the circumstances of the payment)*

It is unjust for the defendant not to pay the plaintiff the money received because *(explain the reason, such as that the money was intended to be paid to the plaintiff, or was paid by coercion, duress, or fraud, or was an overpayment or a deposit to be returned)*

The money was loaned to Defendants based on misrepresentations and fraud by Defendants, and each of them. The fraud was committed to induce the monies being loaned by statements made to Plaintiff regarding the use of the monies and repayment of same, all of which was relied upon by Plaintiff. Now, Defendants refse to respond to Plaintiff's written demands for payment of monies due and owing by Defendants.

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks the principal of $50,000.00, plus interest at the rate of 10% per annum from the date of the loan until paid in full, plus expenses, costs and fees incurred by the breach by Defendants. Plaintiff also seeks damages for fraud, including general and punitive damages based on fraud, bad faith and intentional misconduct by Defendants, jointly and severally. Plaintiff has fully performed all of his respective obligations and duties under the Loan/Contract.

ADDITIONAL CLAIMS ON PAGES ATTACHED.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/21/2025

Signature of Plaintiff

Printed Name of Plaintiff    Steve S. Hutchison

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

        Street Address        _____
        State and Zip Code   _____
        Telephone Number   _____
        E-mail Address       _____

## CLAIM NUMBER 2
### (Misrepresentation/Fraud)

Prior to the Parties' agreeing to enter into the Loan, and as an inducement for Plaintiff to enter into the Loan, Defendant **PICARDI** specifically represented that he had need of the $50,000.00 to pay an overdue debt he personally owed to Drexel University in the amount of $25,000.00. **PICARDI** made those representations verbally to Plaintiff in June and July 2021. **IONIC** was, at all times relevant hereto, involved in the loan transaction. **PICARDI** intentionally and deceptively made misrepresentations and/or omissions of material facts to Plaintiff in order to fraudulently induce Plaintiff to (i) enter into the Loan, and (ii) provide monies under the Loan. **PICARDI** misrepresented to Plaintiff **PICARDI**'s alleged source and availability of funds to pay Plaintiff monies borrowed under the Loan. **PICARDI** misrepresented to Plaintiff the so-called "arrangements" **PICARDI** had in place for insuring **PICARDI** had, in hand, good funds to fully and timely pay the monies due and payable under the Loan. Picardi's true intent and purpose was to unlawfully and fraudulently induce Plaintiff to provide monies under the Loan, and then to (ii) promptly convert such monies from Plaintiff, all in furtherance of a malicious **Scheme** and **Scam** conjured-up by **PICARDI** and specifically agreed-upon by and among each and all Defendants, and especially **IONICS**, jointly and severally. **PICARDI** engaged in said conduct with the malicious intent, with *scienter*, to damage Plaintiff, and with reckless disregard for the damaging consequences of **PICARDI**'s conduct on Plaintiff, his respective business, operations, properties, personal health and his business. This conduct has continued continuously throughout the date of the Loan through the date of filing this Complaint.

As a direct and proximate result of said conduct, and Plaintiff's justifiable reliance on such misrepresentations by Defendant **PICARDI**, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally. As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this

Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

## CLAIM NUMBER 3

### (Breach of the Covenant of Good Faith and Fair Dealing - Contract Claim)

Defendants, and especially **PICARDI,** jointly and severally, had a duty to exercise good faith and deal fairly with Plaintiff.

Defendants, and especially Defendant **PICARDI,** jointly and severally, breached said duty of good faith and fair dealing by performing the acts alleged herein, and have continued such illegal conduct via repeated acts and bad faith activities of Defendants, consistently and continuously, throughout the period from June-July 2021 through the date of filing of this Complaint, and are ongoing.

## RELIEF

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above,

Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

## CLAIM NUMBER 5

### (Interference with Contractual Relationships)

The conduct of Defendants, and especially **PICARDI,** jointly and severally, acting jointly and severally, constitutes interference with Plaintiff's separate and individual contracts with third parties. Such conduct includes interference with Plaintiff's presently existing contacts, business relationships and contracts, and has continued via repeated intentional bad acts and unlawful conduct of Defendants, and especially **PICARDI,** jointly and severally, consistently and continuously, throughout the period from July 2022, through the date of filing of this Complaint, and is ongoing.

### RELIEF

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

## CLAIM NUMBER 6

### (Conversion)

On or about July 30, 2021, and continuing through the filing of this Complaint, **PICARDI** and his Co-Defendants, jointly and severally, illegally converted **$50,000.00** from Plaintiff.

The actions of Defendants, and especially **PICARDI**, jointly and severally, as described herein, constitute an intentional and illegal exercise of dominion and control over Plaintiff's monies and property rights, which so seriously interferes with Plaintiff's right to own, possess and control his personal properties as to constitute an **unlawful conversion of such property**. The acts of conversion have continued through and including the date of filing of this Complaint.

**PICARDI** has maliciously continued his intentional acts of conversion, consistently and continuously, throughout the period from July 30, 2021 through the date of filing of this Complaint.

## **RELIEF**

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI**, jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI**, jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI**, jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI**, jointly and severally.

## CLAIM NUMBER 7

### (Intentional/Negligent Infliction of Emotional Distress)

The Defendants, and especially **PICARDI** (personally), jointly and severally, displaying a vitriolic, manifest and callous indifference to the personal rights, health and family relationships of Plaintiff, engaged in egregious intentional and/or negligent conduct, which caused Plaintiff to suffer stress and distress, and caused his to lose sleep, incur debilitating physical suffering and illness (including physical manifestations of such suffering and illness), experience emotional distress and otherwise suffer illness, including mental distress, all of which is severe and continuing, and has continued via repeated malicious acts and conduct of Defendants, and each of them, and especially **PICARDI** (personally), consistently and continuously, throughout the period from May 2021 through the date of filing of this Complaint, and is ongoing.

## RELIEF

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

## CLAIM NUMBER 8
### (Defamation)

**PICARDI** has intentionally made, and continues making false, defamatory and damaging statements about Plaintiff in the business and mining communities in Northern Nevada, in Texas and other locations around the U.S., and elsewhere, all in a sinister, sharply-focused and mean-spirited effort to interfere with and cause damages to: (i) Plaintiff, personally; (ii) Plaintiff's health and wellness; (iii) Plaintiff's excellent reputation; (iv) Plaintiff's business career and practice; and (v) Plaintiff's business and professional activities.

**PICARDI** told business persons with whom Plaintiff dealt during the last few days of June-July 2021, and continuously thereafter, including as late as May 2025, specifically and *intentionally* widely "published", false, misleading and defamatory statements to third parties, asserting that Plaintiff: (a) "was unethical"; (b) "was incompetent"; and (c) "was dishonest" in his business dealings". These statements are each and all defamatory *per se* under Texas law, and cast Plaintiff in a false light, personally and in his business and profession, all as planned and intended by **PICARDI.**

## RELIEF

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and

severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

## CLAIM NUMBER 9

### (Conspiracy)

Defendants entered into an agreement with each other to perform the acts and conduct described herein, and in truth and fact, fully performed their agreement by engaging in the conduct described herein, thus engaging in a conspiracy under Nevada law. The conspiracy, like the conduct described herein, was intentional, well planned, well executed and fully completed by Defendants, and especially **PICARDI,** jointly and severally, all to the damage of Plaintiff.

The conspiracy commenced in 2024 and has continued through the date of filing this Complaint.

## RELIEF

As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally.

As a further direct and proximate result of said conduct, Plaintiff incurred special damages in a sum that has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

The above-described conduct by Defendants, and especially **PICARDI,** jointly and severally, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $75,000 from each Defendant, and especially **PICARDI,** jointly and severally, to punish **PICARDI** for his conduct.

As a further direct and proximate result of such misrepresentation/fraud, as set forth above, Plaintiff has been required to incur expenses and costs and is entitled to recover same from each Defendant, and especially **PICARDI,** jointly and severally.

**END OF ATTACHMENT**